## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YASIR ADAWI | * |
| 6450 King Louis Drive | * |
| Alexandria, Virginia 22312 | * |
| | * |
| *On Behalf of Himself and* | * |
| *All Others Similarly Situated* | * |
| | * |
| PLAINTIFF, | * |
| v. | *   Case No.: |
| | * |
| MID-ATLANTIC PETROLEUM PROPERTIES, LLC | * |
| 12311 Middlebrook Road | * |
| Germantown, Maryland 20874 | * |
| | * |
| SERVE: | * |
| Carlos Horcasitas | * |
| 12311 Middlebrook Road | * |
| Germantown, Maryland 20874 | * |
| | * |
| And | * |
| | * |
| MID-ATLANTIC PETROLEUM | * |
| DOWNSTREAM MARKETING, LLC | * |
| 12311 Middlebrook Road | * |
| Germantown, Maryland 20874 | * |
| | * |
| SERVE: | * |
| Carlos Horcasitas | * |
| 12311 Middlebrook Road | * |
| Germantown, Maryland 20874 | * |
| | * |
| And | * |
| | * |
| MID-ATLANTIC PETROLEUM | * |
| PROPERTY MANAGEMENT, LLC | * |
| 12311 Middlebrook Road | * |
| Germantown, Maryland 20874 | * |

```
                                                        *
    SERVE:                                              *
    Carlos Horcasitas                                   *
    12311 Middlebrook Road                              *
    Germantown, Maryland 20874                          *
                                                        *
    And                                                 *
                                                        *
    MID-ATLANTIC PETROLEUM TRANSPORT, LLC               *
    12311 Middlebrook Road                              *
    Germantown, Maryland 20874                          *
                                                        *
    SERVE:                                              *
    Carlos Horcasitas                                   *
    12311 Middlebrook Road                              *
    Germantown, Maryland 20874                          *
                                                        *
    And                                                 *

    DOWNSTREAM PAYROLL, LLC                             *
    12311 Middlebrook Road                              *
    Germantown, Maryland 20874                          *
                                                        *
    SERVE:                                              *
    Carlos Horcasitas                                   *
    12311 Middlebrook Road                              *
    Germantown, Maryland 20874                          *
                                                        *
    And                                                 *
                                                        *
    CARLOS HORCASITAS                                   *
    12311 Middlebrook Road                              *
    Germantown, Maryland 20874                          *
                                                        *
    And                                                 *
                                                        *
    MAY-MAY AU-HUIE                                     *
    12311 Middlebrook Road                              *
    Germantown, Maryland 20874                          *
                                                        *
```

DEFENDANTS.                                                    *

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COLLECTIVE ACTION COMPLAINT

Plaintiff YASIR ADAWI (hereinafter "Plaintiff"), by and through undersigned counsel, on behalf of himself and all others similarly situated, hereby submits this collective action Complaint against MID-ATLANTIC PETROLEUM PROPERTIES, LLC, MID-ATLANTIC PETROLEUM DOWNSTREAM MARKETING, LLC, MID-ATLANTIC PETROLEUM, PROPERTY MANAGEMENT, LLC , MID-ATLANTIC PETROLEUM TRANSPORT, LLC, DOWNSTREAM PAYROLL, LLC (together, the "Corporate Defendants"), CARLOS HORCASITAS, AND MAY-MAY AU-HUIE (together, the "Individual Defendants") (collectively, "Defendants") who together are individually and jointly liable as a single enterprise or single integrated enterprise, to recover unpaid overtime wages and damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* (hereinafter "FLSA") and for unpaid overtime wages and damages under the D.C. Minimum Wage Act Revision Act of 1992, D.C. Code §§ 32-1001 et seq. ("DCMWA") as set forth below.

## PARTIES AND JURISDICTION

1.      Plaintiff is an adult resident of the Commonwealth of Virginia.  While employed by Defendants, Plaintiff performed work duties relevant to this action at Defendants W Express Gas and Go in the District of Columbia.

2.      By acting as the named Plaintiff in this action, Plaintiff affirms his consent to participate as a Plaintiff in a collective action under the FLSA and DCMWA.

3.     Defendants own and operate more than twenty (20) interrelated and commonly owned gas stations, convenience store, and car washes in the District of Columbia, Maryland, and Virginia.

4.     The Individual Defendants are the controlling officers, controlling members and/or holders of a substantial financial interest in each of the Corporate Defendants.

a.     At all times during the period of Plaintiff's employment, both of the Individual Defendants had the power to hire, fire, suspend, and otherwise discipline Plaintiff and members of the Collective.

b.     At all times during the period of Plaintiff's employment, both of the Individual Defendants had the power to control the work schedule of Plaintiff and members of the Collective.

c.     At all times during the period of Plaintiff's employment, both of the Individual Defendants had the power to set the rate and method of pay for Plaintiff and members of the Collective.

d.     At all times during the period of Plaintiff's employment, both of the Individual Defendants were in charge of the day-to-day operation of each of the gas stations, convenience stores, and car washes in the District of Columbia, Maryland, and Virginia.

5.     Collectively, Defendants operate together as a single integrated enterprise presenting, themselves to the public as an interrelated conglomerate of commonly owned and operated gas stations, convenience stores, and car washes in the District of Columbia, Maryland, and Virginia.

6.    In furtherance of Defendants' business purpose, Defendants own and operate gas stations, convenience stores, and car washes through least five (5) legal entities for the purpose of shielding its liability from the Individual Defendants and from assets held by, between, and among the Corporate Defendants.

7.    Notwithstanding that Defendants operate as several corporate entities, the operations of each gas station, convenience store, and car wash owned is centrally and commonly controlled and operated by the Individual Defendants as a single business operation.

8.    The Individual Defendants operate and control each gas station, convenience store, and car wash and each of the Corporate Defendants as the common substantial owners.

9.    The Individual Defendants are ultimately responsible for all business decisions made at each gas station, convenience store, and car wash owned and operated by Defendants.

10.    The Individual Defendants control and otherwise exerts total influence over all Corporate Defendants which all serve the common business purpose of operating gas stations, convenience stores, and car washes in the District of Columbia, Maryland, and Virginia.

11.    At all times material herein, the corporate Defendants, in the aggregate and in the individual, have had annual gross volume of sales made or business done in an amount exceeding $500,000.00.

12.   All gas stations, convenience store, and car washes, even if separately incorporated, have, upon information and belief, substantially similar corporate officers / directors / shareholders, and all report to a central authority, the Individual Defendants.

13.   Upon information and belief, Defendants use a common bookkeeper and payroll system.

14.   Upon information and belief, the common bookkeeper and payroll system Defendants use serves substantially the same function for all gas station, convenience store, and car wash locations.

15.   Plaintiff, along with other similarly situated employees of the Defendants, were or are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

16.   At all times during the period of Plaintiff's employment, Defendants were the "employers" of Plaintiff and the Collective for purposes of the FLSA and DCMWA.

17.   At all times, Defendants were engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).

18.   At all times, Defendants qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

19.   At all times, Plaintiff and the FLSA Collective were employees who were engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

20.     This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. §216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce."

21.     Subject matter jurisdiction is invoked under 28 U.S.C. § 1331.

22.     Venue is proper pursuant to 28 U.S.C. § 1391.

## FACTS

23.     Plaintiff was employed by Defendants at Defendants' W Express Gas and Go station in the District of Columbia from about 2008 through about October 2012.

    a.     At all times while employed, Plaintiff's exact weekly hours varied slightly from week to week

    b.     At all times while employed, Plaintiff regularly and typically worked far more than forty (40) hours per week.

    c.     At all times while employed, Defendants had knowledge of all hours Plaintiff worked each week.

    d.     At all times while employed, Defendants had knowledge and directed Plaintiff to work far more than forty (40) hours per week.

    e.     At all times while employed, Defendants paid Plaintiff as an hourly employee.

    f.     At no time while employed did Defendants pay Plaintiff at the FLSA and DCMWA required overtime rate of one-and-one-half (1½) times his regular rate of pay for all overtime hours Plaintiff worked each week in excess of forty (40) per week.

g.    At no time while Plaintiff was employed did Plaintiff perform work duties that would make Plaintiff exempt from the FLSA or DCMWA overtime pay requirement.

24.    At all times during Plaintiff's employment, Defendants had actual knowledge that the FLSA and DCMWA required that Plaintiff be paid for overtime hours worked each week in excess of forty (40) at the overtime rate of one-and-one-half (1½) times Plaintiff's regular rate of pay.

25.    At all times during Plaintiff's employment, Defendants had actual knowledge that the rate and method by which Defendants paid Plaintiff for overtime hours worked each week in excess of forty (40) was in direct violation of the FLSA and DCMWA overtime pay requirement.

26.    Defendants' violations of the FLSA and DCMWA have been intentional, willful, and in bad faith.

## COLLECTIVE ACTION ALLEGATIONS

27.    Plaintiff is pursuing this action as a FLSA and DCMWA Collective Action on behalf of himself and all other similarly situated individuals who performed employment work duties for Defendants at any and all of Defendants' gas station, convenience store, and car wash locations in the District of Columbia, Maryland, and Virginia during the relevant time period (May 2011 through the present) ("the Collective").

28.    In the present case, the questions of law or fact common to Plaintiff and the Collective predominate over any questions affecting only individual class members.

29.     The essence of this entire case is that Defendants engaged in common and systematic violations of the FLSA and DCMWA overtime requirement affecting the overtime wage rights of Plaintiff and the Collective.

30.     At all times, Defendants paid Plaintiff and the Collective as hourly employees.

31.     During many weeks during the relevant time period, Plaintiff and the Collective worked more than forty (40) hours.

32.     During the relevant time period, Defendants did not pay Plaintiff or the Collective at the FLSA and DCMWA required overtime rate of one-and-one-half times (1½) their regular hourly rate for all overtime hours worked each week in excess of forty (40).

33.     Common to the claims of Plaintiff and the Collective is that each individual received compensation from Defendants at a rate less than the required FLSA and DCMWA overtime rate.

34.     Specifically, Plaintiff and the Collective are seeking the difference between the wages Defendants paid them (or did not pay them) each week and the wages Defendants should have paid Plaintiff and the Collective had Defendants compensated Plaintiff and the Collective as required by the FLSA and DCMWA for all work duties performed.

35.     In the present case, the exact number of individuals fitting the description of the Collective is unknown to Plaintiff.

36.     On information and belief, the Collective exceeds fifty (50) individuals.

37.     Members of the Collective worked at one or several of Defendants' gas stations, convenience stores, and/or car washes in the District of Columbia, Maryland, and/or Virginia.

38.     All members of the Collective are readily identifiable from information and records, on information and belief, in the possession and control of the Defendants.

## CAUSES OF ACTION

### COUNT I
### FLSA
### (Overtime)

39.     Plaintiff re-alleges and reasserts each and every allegation set forth in Paragraphs 1-38 above, as if each were set forth herein.

40.     The FLSA mandates that an employer must pay employees overtime wages in the amount of one-and-one-half (1½) times the employee's regular rate of pay for all overtime hours worked each week in excess of forty (40).

41.     At all times, Plaintiff was an "employee" covered by the FLSA and each of the Defendants were Plaintiff's "employer," "joint employer," or "single integrated enterprise employer" under the FLSA.

42.     Defendants, as Plaintiff's employers, were obligated to compensate Plaintiff at the overtime rate of one-and-one-half (1½) times Plaintiff's regular rate for all hours worked per week in excess of forty (40).

43.     As set forth above, while in Defendants' employ, Plaintiff worked many overtime hours each week.

44.     As set forth above, Defendants failed and refused to pay Plaintiff for overtime hours worked each week in excess of forty (40) as required by the FLSA.

45.     Defendants' failure and refusal to pay Plaintiff as required by the FLSA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff and any individual that "opts in" or joins this lawsuit under Count I for all unpaid overtime wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

### COUNT II
### DCMWA
### (Overtime)

46.     Plaintiff re-alleges and reasserts each and every allegation set forth in Paragraphs 1-35 above, as if each were set forth herein.

47.     The DCMWA mandates that an employer must pay employees overtime wages in the amount of one-and-one-half (1½) times the employee's regular rate of pay for all overtime hours worked each week in excess of forty (40).

48.     At all times, Plaintiff was an "employee" covered by the DCMWA and each of the Defendants were Plaintiff's "employer," "joint employer," or "single integrated enterprise employer" under the DCMWA.

49.     Defendants, as Plaintiff's employers, were obligated to compensate Plaintiff at the overtime rate of one-and-one-half (1½) times Plaintiff's regular rate for all hours worked per week in excess of forty (40).

50.     As set forth above, while in Defendants' employ, Plaintiff worked many overtime hours each week.

51.     As set forth above, Defendants failed and refused to pay Plaintiff for overtime hours worked each week in excess of forty (40) as required by the DCMWA.

52.     Defendants' failure and refusal to pay Plaintiff as required by the DCMWA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff and any individual that "opts in" or joins this lawsuit under Count II for all unpaid overtime wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

Respectfully submitted,

Gregg C. Greenberg, Bar No. 17291
Zipin, Amster & Greenberg, LLC
836 Bonifant Street
Silver Spring, Maryland 20910
Phone: 301-587-9373
Email:  ggreenberg@zagfirm.com

*Counsel for Plaintiff*